Holt et al. vs. Holt.

THADEUS G. HOLT, *et al.* assignees, plaintiffs in error, *vs.* PEYTON C. HOLT, adm'r, defendant in *fi. fa.*, and, DEMPSEY BROWN, claimant, defendants in error.

When an original mortgage of personal property has been lost or destroyed, the mortgage may be foreclosed on a certified copy from the record of the mortgage.

Mortgage *fi. fa.* and claim, in Decatur Superior Court. Decision by Judge ALLEN, at April Term, 1857.

Thadeus G. Holt, and Pulaski S. Holt, claiming to be the assignees of a mortgage on two negroes and a horse, executed by Fowler Holt to William Wooten, to secure the payment of a note, applied to a Justice of the Inferior Court for foreclosure. A certified copy of the mortgage from the Clerk's office, was produced, and the affidavit of one of the applicants, that the original mortgage and note which it was given to secure, had been destroyed by fire, and that the original mortgage had been regularly transferred to them. There was also the usual affidavit required by statute of the amount due, &c., made by Jos. Law, one of the firm of Law & Sims, attorneys for the Holt's.

In obedience to the fiat of the Justice of the Inferior Court, the Clerk issued an execution for the principal and interest of the note and cost, which the Sheriff levied upon one of the negroes described in the mortgage. Dempsey Brown interposed his claim to said negro, and the issue came on to be tried on the appeal from the Inferior Court. Plaintiffs in *fi. fa.*, offered in evidence the mortgage *fi. fa.*, and the proceedings on foreclosure before the Justice of the Inferior Court. Claimant objected to their introduction.

The Court sustained the objection, and rejected said *fi. fa.* and proceedings, and dismissed the levy, upon the ground, that the mortgage had been foreclosed upon a copy, not regu-

larly established as provided by the statute for establishing lost papers: And counsel for plaintiffs excepted.

LAW & SIMS; and STUBBS & HILL, for plaintiffs in error.

WARREN & WARREN, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

Does the mode for the foreclosure of mortgages on personal property, authorized by the eighteenth section of the Judiciary Act of 1799, apply to cases in which the paper containing the evidence of the mortgage has been lost, or destroyed?

The words of that section, giving the mode, are as follows: "Any person or persons holding a mortgage on personal property, and wishing to foreclose the same, shall make application to one of the Judges of the Superior or Justices of the Inferior Courts, and make affidavit before him of the amount of the principal and interest due on such mortgage, which affidavit shall be annexed to such mortgage, and thereupon the Clerk of the Superior or Inferior Courts shall issue execution as on a judgment, which execution, on being delivered to the Sheriff, it shall be his duty to levy on the property," &c.  *Cobb's Dig.* 571.

"Which affidavit shall be annexed to such mortgage." The word *mortgage,* as here used, cannot mean the very mortgage itself, for that is always a contract, and a contract is something mental, and to nothing mental is it possible that anything material can be *"annexed."* The word must therefore mean the paper which contains the *evidence* of the mortgage.

Now it may be, that the paper which contains the evidence of a mortgage, will be the paper on which the words of the mortgage were *originally* written; or will be a paper containing an *established* copy of those words; or will be a paper containing a *certified* copy of those words. It may hap-

Holt et al. vs. Holt.

pen, that the paper on which the words of the mortgage were originally written will become lost or destroyed. If this does happen, then a paper that contains an established or a certified copy of those words will be a paper that contains evidence of the mortgage.

If, therefore, the paper on which the words of a mortgage were originally written be lost or destroyed, and there is a paper containing an established or a certified copy of those words, that will be the paper to which the affidavit for foreclosure may be "annexed."

It is not denied, that the words, "annexed" "to the mortgage," may mean annexed to an *established* copy of the mortgage. But a certified copy of the mortgage is just as much the mortgage as an established copy is. Both, by law, are but secondary evidence of the mortgage, and in secondary evidence there are no degrees.

We think, then, that the mode of foreclosure given by this eighteenth section of the Judiciary Act, applies to cases in which the paper whereon the words of the mortgage were originally written has been lost or destroyed; and, that in such cases, the mode is complied with when a paper containing a certified copy of the record of the words of the lost or destroyed paper, is produced to the foreclosing Judge or Justice, and the affidavit of the mortgagee is "*annexed*" to the paper containing such certified copy.

And in aid of this conclusion comes every consideration of expediency. The statute is highly remedial. It furnishes a remedy, cheap, speedy, and effective. It therefore ought to be made to include as many cases as possible. Surely this is true so far as *strangers* to the mortgage are concerned. And, in this case, Dempsey Brown, the claimant, is a stranger to the mortgage. If the mortgagor is willing to stand this method of foreclosure, ought Brown, a stranger to the mortgage, to be allowed to complain of the method?

We think, that the Court ought to have admitted in evi-

dence the mortgage *fi. fa.*, and the proceedings in foreclosure, and ought not to have dismissed the levy.

Judgment reversed.